PER CURIAM.
¶ 1 Mark Malm appeals a judgment of conviction and an order denying his motion for postconviction relief. The issues relate to the circuit court's rejection of the original proposed plea agreement and whether the court then participated in the plea negotiation. We affirm.
¶ 2 Malm was charged with three felony counts of possession of a firearm in violation of an injunction and one misdemeanor count of concealing stolen property. At the plea hearing, the parties proposed a plea agreement in which three misdemeanor counts of knowingly violating a domestic abuse order would be added; Malm would plead guilty to those counts plus the original misdemeanor; and the three felony counts would be dismissed and read in.
¶ 3 The circuit court immediately rejected the proposed agreement. It did not clearly state any specific reason for doing so. At first, the court appeared to state that it would accept only a trial. Then defense counsel described to the court a different offer on which there had been "a discussion," and counsel asked Malm on the record if he wanted to accept that offer. The offer involved a guilty plea on one of the original felony counts and the original misdemeanor count.
¶ 4 After further discussion off and on the record between counsel and Malm, the court stated: "Well, I will let you discuss it. You can discuss it. Pleading to one of those counts would be fine, counts one, two, or three." Counts one through three were the felony counts originally charged. The court further stated that if no agreement was reached that morning, the case would go to trial. Malm eventually accepted the different offer that had been discussed.
¶ 5 Malm first argues that the circuit court erred by rejecting the original plea agreement without engaging in a proper exercise of discretion. The State does not attempt to defend the court's initial rejection of the agreement, but instead argues that the court cured any error by exercising its discretion in response to the postconviction motion. Malm does not dispute that a court can properly rehabilitate its original plea rejection by properly deciding a postconviction motion. Accordingly, the issue narrows to whether the circuit court properly exercised its discretion in the postconviction decision.
¶ 6 Case law holds that a circuit court may reject a proposed plea agreement by refusing to amend the complaint or information. See State v. Conger , 2010 WI 56, ¶¶ 16-24, 325 Wis. 2d 664, 797 N.W.2d 341. Case law further provides a non-exhaustive list of factors that a court may consider in deciding whether the plea agreement is in the public interest. See id. , ¶¶ 30-35.
¶ 7 At the postconviction hearing, the circuit court stated that it rejected the original plea agreement because it was not in the public interest. The court noted that the laws are "quite strict with regard to possession of a firearm when someone has an injunction." The court noted that the facts alleged in the complaint showed that Malm knew he was not supposed to have firearms, but chose to have some anyway. It stated that "the public interest says this person ought to be convicted of such a violation and it should not be plea bargained to something else," because it was a situation where the public and the victim have "certain expectations about these laws and that these restrictions are going to be taken seriously." The court stated that it rejected the plea agreement because "the facts are such that society, the public in general is going to expect that these laws are being enforced when the facts, at least under one version, are quite clear."
¶ 8 Malm argues that this was an inadequate exercise of discretion. We disagree. Although it is probably true that courts accept many plea agreements in which clearly provable charges are reduced to other offenses, we understand the circuit court in this case to have been saying that with this particular crime, and considering public concerns about domestic violence, it is important to the public and the victim that the crime be prosecuted to a fuller extent than was proposed in the original agreement. This was a reasonable exercise of discretion that fits within permitted factors such as "the general public's perception that crimes should be prosecuted" and the "interests of the victim." Id. , ¶ 32.
¶ 9 Malm's second argument is that the circuit court impermissibly involved itself in the plea negotiation that followed its rejection of the original plea agreement. A judge may not participate in plea negotiations before a plea agreement has been reached. State v. Hunter , 2005 WI App 5, ¶ 7, 278 Wis. 2d 419, 692 N.W.2d 256 (2004).
¶ 10 Malm argues that, by stating that it would be "fine" for Malm to plead to one of the original felony counts, the circuit court effectively told him that it required at least one class G felony for the court to accept a plea agreement. In other words, the court had announced a minimum requirement to accept a plea.
¶ 11 The facts of Malm's case highlight a certain tension present within the applicable rules. A circuit court is required to state its reason for rejecting a proposed plea. However, the act of rejection and the explanation the court gives necessarily narrow the universe of potential plea bargains. That effect would occur even if the court did not give a reason, because the parties would know that at least one potential agreement is not acceptable. And, they could normally infer that certain other potential agreements would also not be acceptable. But when the court also must give a reason, such an explanation expands the potential for the court to imply, even unintentionally, what other agreements it might find acceptable or unacceptable.
¶ 12 To try to address this tension, Malm relies on federal law. For example, a federal court has held that "the proper inquiry is whether the district court was actively evaluating a plea agreement, as the court is required to do, or whether the court is suggesting an appropriate accommodation for a subsequent plea agreement," which is prohibited. United States v. Crowell , 60 F.3d 199, 204 (5th Cir. 1995).
¶ 13 Although this federal case law is not binding on us, the test articulated in it does attempt to provide a clearer line than any existing Wisconsin case law that we are aware of to address this tension between providing an explanation, but not being involved in negotiation. However, we conclude that it is not necessary to decide at this time whether to adopt this test. Even if we were to adopt it, we would conclude that the circuit court did not cross the line into participation in the negotiation.
¶ 14 Although the circuit court did not clearly articulate a reason for rejecting the original plea agreement at the time it did so, we have accepted its later-stated reason for that rejection. Based on that reason, we agree with the State's argument that the court's comment about pleading to one of the original felony counts did little more than state openly what was largely implied within the court's legitimate reason for rejecting the original agreement.
¶ 15 By concluding, as it essentially did, that the public interest required rejection of the original plea agreement because it was in the public interest that Malm be convicted of an injunction violation as charged, the circuit court implied that a plea to one of the original felony counts was a minimum requirement for it to accept the plea. Even if the court had not said that a plea to one of those counts "would be fine," but had simply said that it was rejecting the plea agreement because it did not include an injunction violation, the practical effect would have been the same.
¶ 16 In addition, we note that the second plea agreement proposed to the circuit court was above the minimum of one felony count that the court had appeared to say would be sufficient. The eventual agreement included one felony injunction count plus the misdemeanor stolen property count. That implies that it was the State that ultimately set the minimum acceptable plea, not the circuit court.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b) 5 (2015-16).